**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/30/2021

| | |
|---|---|
| In re: Vale S.A. Securities Litigation | Case No. 15 Civ. 09539 (GHW)<br>Consolidated with Case No. 16 Civ. 00658 (GHW)<br><br>CLASS ACTION |

## ORDER APPROVING DISTRIBUTION PLAN

WHEREAS, this matter was brought before the Court by way of Lead Plaintiffs' motion to determine whether the proposed Distribution Plan of the Net Settlement Fund created by the Settlement achieved in the Action should be approved. The Court having reviewed and considered all the materials and arguments submitted in support of the motion, including the Memorandum of Law in Support of Lead Plaintiffs' Motion for Approval of Distribution Plan and the Declaration of Luiggy Segura in Support of Lead Plaintiffs' Motion for Approval of Distribution Plan (the "Segura Declaration"); and

WHEREAS, this Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated February 5, 2020 (ECF No. 183-1), as amended February 20, 2020 (ECF No. 188-2) (as amended, the "Stipulation"), and the Segura Declaration, and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation and Segura Declaration.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. **Jurisdiction** – The Court has jurisdiction to enter this Order and over the subject matter of the Action, as well as personal jurisdiction over all Parties to the Action, including each of the Settlement Class Members, for purposes of this Settlement.

2. **Notice** – Notice of Lead Plaintiffs' motion for approval of the proposed Plan of Allocation was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the motion for approval of the proposed Plan of Allocation satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons and entities entitled thereto.

3. **Distribution Plan Approval** - Lead Plaintiffs' plan for distribution of the Net Settlement Fund to Authorized Claimants is **APPROVED**. Accordingly:

(a) The administrative recommendations of the Court-approved Claims Administrator, JND Legal Administration ("JND"), to accept the Timely Eligible Claims stated in Exhibit E to the Segura Declaration and the Late But Otherwise Eligible Claims stated in Exhibit F to the Segura Declaration, are adopted;

(b) The Claims Administrator's administrative recommendations to reject the Rejected Claims, as stated in Exhibit G to the Segura Declaration, including the Disputed Claims discussed in paragraph 32 of the Segura Declaration and Exhibit D to the Segura Declaration, are adopted;

(c) JND is directed to conduct the Initial Distribution of the Net Settlement Fund, after deducting all payments previously allowed and the payments approved by this Order, and after deducting the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, while maintaining a 5% reserve from the Net Settlement Fund to address any tax liability or claims administration-related contingencies

that may arise. Specifically, as stated in paragraph 45(a) of the Segura Declaration: (1) JND will calculate award amounts for all Authorized Claimants as if the entire Net Settlement Fund were to be distributed now. In accordance with the Court-approved Plan of Allocation, JND will calculate each Authorized Claimant's *pro rata* share of the Net Settlement Fund based on the amount of the Authorized Claimant's Recognized Claim in comparison to the total Recognized Claims of all Authorized Claimants; (2) JND will then, in accordance with the terms of the Court-approved Plan of Allocation, eliminate from the Initial Distribution any Authorized Claimant whose total *pro rata* share of the Net Settlement Fund is less than $10.00. These Claimants will not receive any payment from the Net Settlement Fund and will be so notified by JND; (3) After eliminating Claimants who would have received less than $10.00, JND will recalculate the *pro rata* shares of the Net Settlement Fund for Authorized Claimants who would have received $10.00 or more based on the amount of the Authorized Claimant's Recognized Claim in comparison to the total Recognized Claims of all Authorized Claimants who would have received $10.00 or more. This *pro rata* share is the Authorized Claimant's "Distribution Amount"; (4) Authorized Claimants whose Distribution Amount calculates to less than $200.00 will be paid their full Distribution Amount in the Initial Distribution ("Claims Paid in Full"). These Authorized Claimants will receive no additional funds in subsequent distributions; (5) 95% of the remaining balance of the Net Settlement Fund will be distributed *pro rata* to Authorized Claimants whose Distribution Amount calculates to $200.00 or more. The remaining 5% of the Net Settlement Fund will be held in the Reserve to address any tax liability or claims administration-related contingencies that may arise following the Initial

Distribution. To the extent the Reserve is not depleted, the remainder will be distributed in the Second Distribution described in subparagraph (f) below.

(d)     In order to encourage Authorized Claimants to cash their checks promptly, all distribution checks will bear the following notation: "CASH PROMPTLY. VOID AND SUBJECT TO REDISTRIBUTION IF NOT CASHED BY [DATE 90 DAYS AFTER ISSUE DATE]." Lead Counsel and JND are authorized to take appropriate action to locate and contact Authorized Claimants who have not cashed their checks within said time as detailed in paragraph 45(b) footnote 9 of the Segura Declaration;

(e)     Authorized Claimants who do not cash their Initial Distribution checks within the time allotted or on the conditions stated in paragraph 45(b) footnote 9 of the Segura Declaration will irrevocably forfeit all recovery from the Settlement, and the funds allocated to these stale-dated checks will be available to be distributed to other Authorized Claimants in the Second Distribution. Similarly, Authorized Claimants who do not cash their distribution checks in the Second Distribution or in subsequent distributions, should such distributions occur, within the time allotted or on the conditions stated in paragraph 45(b) footnote 9 of the Segura Declaration will irrevocably forfeit any further recovery from the Net Settlement Fund;

(f)     After JND has made reasonable and diligent efforts to have Authorized Claimants cash their Initial Distribution checks (provided in paragraph 45(b) footnote 9 of the Segura Declaration), but not earlier than seven (7) months after the Initial Distribution, JND will, after consulting with Lead Counsel, conduct the Second Distribution, in which any amount remaining in the Net Settlement Fund after the Initial Distribution, including from the Reserve and the funds for all void stale-dated checks, after deducting JND's fees

and expenses incurred in administering the Settlement for which it has not yet been paid, including JND's estimated costs of conducting the Second Distribution, and after deducting the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, will be distributed to all Authorized Claimants in the Initial Distribution (other than Claims Paid in Full) who cashed their Initial Distribution check and are entitled to receive at least $10.00 from the Second Distribution based on their *pro rata* share of the remaining funds. Additional distributions, after deduction of costs and expenses as described above and subject to the same conditions, may occur thereafter in six-month intervals until Lead Counsel, in consultation with JND, determines that further distribution is not cost-effective;

(g)    When Lead Counsel, in consultation with JND, determines that further distribution of the funds remaining in the Net Settlement Fund is not cost-effective, if sufficient funds remain to warrant the processing of Claims received after March 12, 2021, those Claims will be processed, and any otherwise valid Claims received after March 12, 2021, as well as any earlier-received Claims for which an adjustment was received after March 12, 2021, which resulted in an increased Recognized Claim amount, will be paid in accordance with subparagraph (h) below. If any funds remain in the Net Settlement Fund after payment of these late or late-adjusted Claims, the remaining balance of the Net Settlement Fund, after payment of any unpaid fees or expenses incurred in administering the Net Settlement Fund and after the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, will be contributed to the National Consumer Law Center ("NCLC");

(h) No new Claims may be accepted after March 12, 2021, and no further adjustments to Claims received on or before March 12, 2021, that would result in an increased Recognized Claim amount may be made for any reason after March 12, 2021, subject to the following exception. If Claims are received or modified after March 12, 2021, that would have been eligible for payment or additional payment under the Court-approved Plan of Allocation if timely received, then, at the time that Lead Counsel, in consultation with JND, determines a distribution is not cost-effective as provided in subparagraph (g) above, and after payment of any unpaid fees or expenses incurred in connection with administering the Net Settlement Fund and after deducting the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, these Claimants, at the discretion of Lead Counsel, may be paid their distribution amounts or additional distribution amounts on a *pro rata* basis that would bring them into parity with other Authorized Claimants who have cashed all their prior distribution checks to the extent possible;

(i) The Court finds that the administration of the Settlement and the proposed distribution of the Net Settlement Fund comply with the terms of the Stipulation and Plan of Allocation approved by this Court and that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted, or who are otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are hereby released and discharged from any and all claims arising out of that involvement, and all Settlement Class Members and other Claimants, whether or not they receive payment from the Net Settlement Fund, are hereby barred from making any further claims against the Net Settlement Fund, Lead Plaintiffs,

Lead Counsel, the Claims Administrator, the Escrow Agent or any other agent retained by Lead Plaintiffs or Lead Counsel in connection with the administration or taxation of the Settlement Fund or the Net Settlement Fund, or any other person released under the Settlement beyond the amounts allocated to Authorized Claimants;

(j) All of JND's fees and expenses incurred in the administration of the Settlement and estimated to be incurred in connection with the Distribution of the Net Settlement Fund as stated in the invoices attached as Exhibit H to the Segura Declaration are approved, and Lead Counsel is directed to pay the outstanding balance of $133,797.42 out of the Settlement Fund to JND; and

(k) Unless otherwise ordered by the Court, JND may destroy the paper copies of the Claims and all supporting documentation one year after the Initial Distribution, and one year after all funds have been distributed may destroy electronic copies of the same.

4. **Retention of Jurisdiction** - This Court retains jurisdiction to consider any further applications concerning the administration of the Settlement, and any other and further relief that this Court deems appropriate.

SO ORDERED this ___30th___ day of ___July___ 2021.

_____
The Honorable Gregory H. Woods
United States District Judge